United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 26, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41496
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

JUAN CARLOS SANTANA-ALVARADO,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1078-ALL
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Juan Carlos Santana-Alvarado appeals his 46-month sentence
following his guilty-plea conviction for being unlawfully present
in the United States after having been deported, a violation of
8 U.S.C. § 1326.  The indictment did not allege that Santana-
Alvarado's deportation was subsequent to a felony or aggravated-
felony conviction, and it did not specifically cite to any
subsection of 18 U.S.C. § 1326.  In pertinent part, the
sentencing guideline base offense level was increased sixteen

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) because Santana-Alvarado was previously deported after a state deferred-adjudication conviction for aggravated assault with a deadly weapon, a crime of violence.  Santana-Alvarado objected to this increase on the basis of Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 124 S. Ct. 2531 (2004).

Santana-Alvarado challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.  This constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235, 239-47 (1998).  Although Santana-Alvarado contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Santana-Alvarado properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Santana-Alvarado also argues that the district court committed reversible error when it sentenced him pursuant to the mandatory sentencing guidelines system held unconstitutional in United States v. Booker, 125 S. Ct. 738 (2005).  The Government

concedes that Santana-Alvarado's objection on the basis of
Blakely preserved this issue. Because the district court
sentenced Santana-Alvarado under a mandatory guidelines regime,
it committed Fanfan error. See United States v. Valenzuela-
Quevado, 407 F.3d 728, 733 (5th Cir.), cert. denied, 126 S. Ct.
267 (2005); see also United States v. Walters, 418 F.3d 461, 463
(5th Cir. 2005) (discussing the difference between Sixth
Amendment Booker error and Fanfan error).

"Thus, the only question is whether the Government has met
its burden to show harmless error beyond a reasonable doubt in
the imposition of [Santana's] sentence." Walters, 418 F.3d at
464.[1] Santana-Alvarado concedes that his argument that the error
was structural in nature and thus not subject to harmless-error
review is foreclosed by United States v. Martinez-Lugo, 411 F.3d
597, 601 (5th Cir.), cert. denied, 126 S. Ct. 464 (2005), but he
raises the argument to preserve it for further review. We are
not persuaded by the Government's argument that the error was
harmless, particularly in light of the district court's lack of

---

[1] Although we must follow the panel's decision in *Walters*, *United States v. Ruiz*, 180 F.3d 675, 676 (5th Cir. 1999), we note that the standard of review it applied - requiring the Government to show that preserved Fanfan error was harmless beyond a reasonable doubt - was not contested in the case and appears to be incorrect because Fanfan error is nonconstitutional error, *see United States v. Hughes*, 410 F.3d 540, 553 (4th Cir. 2005) (pointing out that Fanfan error, unlike *Booker* error, is nonconstitutional). Rather, "harmless error" in Fanfan cases is defined by the standard announced in *Kotteakos v. United States*, 328 U.S. 750, 776 (1946). *See United States v. Hernandez-Guevara*, 162 F.3d 863, 876 (5th Cir. 1998) (applying *Kotteakos* to preserved nonconstitutional error). But the issue is irrelevant here because the Government cannot meet either burden.

clear commentary regarding the sentence and its decision to sentence at the bottom of the applicable guideline range.

Accordingly, we VACATE Santana-Alvarado's sentence and REMAND to the district court for re-sentencing.