# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 98-41073

UNITED STATES OF AMERICA,

Petitioner-Appellee,

versus

JOSE RICARDO RUIZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas

July 13, 1999

Before POLITZ, HIGGINBOTHAM, and DAVIS, Circuit Judges.

POLITZ, Circuit Judge:

Jose Ricardo Ruiz pleaded guilty to a charge of escape from the custody of a federal prison camp in violation of 18 U.S.C. § 751(a), and was sentenced to 46 months imprisonment. He appeals, contending that the trial court erred in its application of the United States Sentencing Guidelines.

Ruiz maintains that he was entitled to a four-level reduction from his base offense level under U.S.S.G. § 2P1.1(b)(3), which provides for such an adjustment

when a defendant escapes from "the non-secure custody of a community corrections center, community treatment center, 'halfway house,' or similar facility."[1] We rejected an identical argument in **United States v. Shaw**.[2] Ruiz does not attempt to distinguish **Shaw**; rather, he urges that **Shaw** was wrongly decided. Even if we accepted this assertion, which we do not, this panel may not overrule or ignore a prior panel decision. **Shaw** forecloses Ruiz's contention that he is entitled to an adjustment under § 2P1.1(b)(3).

Next, Ruiz contends that the trial court erred in concluding that his escape constitutes a "crime of violence" "present[ing] a serious potential risk of physical injury to another" within the meaning of U.S.S.G. § 4B1.2(1)(ii). As a result of this error, Ruiz continues, he wrongly was characterized as a career offender under U.S.S.G. § 4B1.1. Underscoring that he simply walked away from a prison camp where no physical barriers prevented the escape and no guards were armed, Ruiz insists that his escape posed no risk of physical injury to anyone.

Once again, Ruiz would have us disregard controlling Fifth Circuit

---

[1]The provision also requires that no crimes be committed by the defendant while away from the facility. This requirement is not at issue herein.

[2]979 F.2d 41 (5th Cir. 1992).

precedent.  In **United States v. Fitzhugh**,[3] we held that the commentary to § 4B1.2

makes "clear that only conduct 'set forth in the count of which the defendant was

convicted' may be considered in determining whether [an] offense is a crime of

violence."[4]  Under **Fitzhugh**, we are precluded from looking to the underlying facts

of Ruiz's conviction, as he requests, because the circumstances to which Ruiz

directs our attention are not mentioned in the indictment.

The indictment charges that Ruiz "knowingly escape[d] from custody of [a

federal prison camp] . . . in which he was lawfully confined."  We find persuasive

the reasoning of our Tenth Circuit colleagues in **United States v. Mitchell**,[5]

rejecting the proposition that escapes from a community treatment center and from

a correction center do not qualify as crimes of violence within the meaning of §

4B1.2.

> [E]very escape scenario is a powder keg, which may or may not explode into
> violence and result in physical injury to someone at any given time, but
> which always has the serious potential to do so. . . .  Indeed, even in a case
> where a defendant escapes from a jail by stealth and injures no one in the
> process, there is still a serious potential risk that injury will result when

---

[3]954 F.2d 253 (5th Cir. 1992).

[4]**Id.** at 254 (quoting U.S.S.G. § 4B1.2, Application Note 2).

[5]113 F.3d 1528 (10th Cir. 1997).

officers find the defendant and attempt to place him in custody.[6]

Our Fourth and Sixth Circuit colleagues have reached similar conclusions.[7] We now conclude and hold that the conduct charged in this case -- a knowing escape from lawful federal custody -- constitutes a crime of violence under § 4B1.2.

For these reasons, the judgment of the trial court is in all respects AFFIRMED.

---

[6]**Id.** at 1533 (quoting **United States v. Gosling**, 39 F.3d 1140, 1142 (10th Cir. 1994)).

[7]**United States v. Dickerson**, 77 F.3d 774 (4th Cir. 1996); **United States v. Harris**, 165 F.3d 1062 (6th Cir. 1999).