UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　*Plaintiff-Appellee,*

v.

No. 00-4389

MICHAEL KOKOSKI,
　　　　*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Robert C. Chambers, District Judge.
(CR-96-64)

Submitted: November 30, 2000

Decided: December 19, 2000

Before WILKINS, LUTTIG, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Mary Lou Newberger, Acting Federal Public Defender, Edward H. Weis, First Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Rebecca A. Betts, United States Attorney, John L. File, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Michael Kokoski was convicted pursuant to his guilty plea of felony escape from a federal institution. On appeal, he alleges that the district court erred in sentencing him as a career offender pursuant to USSG § 4B1.1[1] because his escape was not a "crime of violence."[2] Kokoski also alleges that he was entitled to a downward adjustment under USSG § 2P1.1(b)(3) because his escape was non-violent. Finding no reversible error, we affirm.

Kokoski was convicted in 1994 of using a minor to distribute drugs, and he was sentenced to serve 144 months in prison. In March 1996, Kokoski was transferred to a minimum security prison camp. Approximately one month later, Kokoski simply walked out of the camp. It is undisputed that Kokoski was not confronted during his escape, nor did he have to negotiate any physical barriers. Kokoski was arrested on unrelated charges in Montana in 1999, where he was living under a false name. A fingerprint analysis confirmed Kokoski's identity.

We review the district court's application of the guidelines de novo and find no error. *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989). We have consistently held that felony escape is, by its very nature, a crime of violence because, even if accomplished by stealth, there is always the potential for a violent confrontation. *United States v. Hairston*, 71 F.3d 115, 118 (4th Cir. 1995). Kokoski alleges that the minimal security found at federal prison camps justifies an exception from this general rule. The Fifth Circuit rejected this very argument in a factually similar case. *See United States v. Ruiz*, 180 F.3d 675, 676-77 (5th Cir. 1999). The focus is on the crime of

---

[1]*U.S. Sentencing Guidelines Manual* (1998).

[2]*See* USSG § 4B1.2(a).

conviction (escape), not on an ex post analysis of whether any acts of violence actually occurred. *Id.*

We further reject Kokoski's assertion that he is entitled to a downward adjustment under USSG § 2P1.1(b)(3). To prevail, Kokoski must show that the prison camp is a non-secure facility and that the camp is similar to a community corrections center, community treatment center, or halfway house. *United States v. Sarno*, 24 F.3d 618, 623 (4th Cir. 1994). While the prison camp here was clearly a non-secure facility, Kokoski fails to satisfy the second prong of the test. *See Sarno*, 24 F.3d at 623-24 & nn.4-5 (holding in dicta that federal prison camps are not similar to community treatment centers or halfway houses for purposes of the adjustment). Those circuits which have addressed this issue have reached the same conclusion. *See, e.g.*, *Ruiz*, 180 F.3d at 676; *United States v. Stalbaum*, 63 F.3d 537, 540 (7th Cir. 1995).

Accordingly, we affirm Kokoski's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*