IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10234
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ABEL GUADIAN,

                                        Respondent-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:00-CR-97-1-C
--------------------
October 26, 2001

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Abel Guadian argues that the district court erred in determining that his escape offense was a crime of violence under U.S.S.G. § 4B1.1, the career offender sentencing guideline.  He argues that his indictment contained facts indicating that his offense was not a crime of violence.  He also argues that the "categorical analysis" of the offense, that is consideration of the indictment and statutory elements only, is not appropriate if the district court is considering the instant offense and knows

_____

        [*]  Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

that the defendant's underlying conduct did not involve a risk of injury.

The conduct charged in the count of the indictment on which the defendant is convicted is the only factor that may be considered in determining whether the instant offense is a crime of violence. United States v. Ruiz, 180 F.3d 675, 676 (5th Cir. 1999). Guadian's indictment charged him with knowingly escaping from the Salvation Army, an institution and facility in which he was confined by direction of the Attorney General. The indictment did not allege any facts reflecting Guadian's underlying conduct at the time of the escape or whether the offense involved a potential risk of danger.

However, even assuming that Guadian's initial escape was relatively risk free, there was still a serious potential risk of injury occurring when he was found and placed in custody by law enforcement officers. It is the risk of injury associated with the offense and not the nature of the facility from which an escape is made that determines whether the offense is characterized as a "crime of violence." See id. at 676-77.

The district court did not err in characterizing Guadian's offense as a "crime of violence" within the meaning of U.S.S.G. § 4B1.1 and in making an adjustment of Guadian's offense level under that provision.

AFFIRMED.