IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20863
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNY TERRELL HUBERT,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-188-ALL
--------------------
September 6, 2002

Before JONES, DUHÉ, and CLEMENT, Circuit Judges.

PER CURIAM:[1]

Kenny Terrell Hubert appeals from his conviction for being a
felon in possession of a firearm.  See 18 U.S.C. §§ 922(g)(1), 924
(a)(2).  Terrell first argues that evidence of the pistol found in
the trunk of his vehicle should have been suppressed because the
search was conducted without a warrant and in the absence of
probable cause.  After a thorough review of the record, we conclude
that based on the police officers' plain-view observation of a

---

[1]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

glass vial in Hubert's vehicle, which in the experience of Officer Rodriguez commonly contains phencyclidine hydrochloride (PCP), and the officers' determination that Hubert was under the influence of a controlled substance, the totality of the circumstances provided probable cause to seize the vial. See Texas v. Brown, 460 U.S. 730, 742-43 (1983). Upon opening the door to retrieve the vial, the officers detected the distinctive and unmistakable smell of PCP in Hubert's vehicle, which provided the probable cause necessary to search the entire vehicle, including the trunk. See United States v. McSween, 53 F.3d 684, 687 (5th Cir. 1993). In view of the foregoing, Hubert has not shown that the district court erred in denying his suppression motion.

Hubert also argues that evidence showing that the pistol had crossed state lines at some point in the past is insufficient to establish a "substantial" effect on interstate commerce. Hubert concedes that this argument is foreclosed by this court's precedent and indicates that it is presented here solely to preserve the issue for Supreme Court review.

The "in or affecting commerce" element of 18 U.S.C. § 922(g)(1) requires only a minimal nexus between the firearm and interstate commerce. See United States v. Gresham, 118 F.3d 258, 265 (5th Cir. 1997). This element is satisfied because the firearm possessed by Hubert previously traveled in interstate commerce. See United States v. Daugherty, 264 F.3d 513, 518 & n.12 (5th Cir. 2001), cert. denied, 122 S. Ct. 1113 (2002). As one panel of this

2

court may not overrule or ignore a prior panel decision, <u>see</u> <u>United States v. Ruiz</u>, 180 F.3d 675, 676 (5th Cir. 1999), this issue is foreclosed.

Accordingly, Hubert's conviction is

AFFIRMED.