IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20195
Conference Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

OZIE LAQUENTEN SAMPSON,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-484-1
--------------------
October 30, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Ozie Laquenten Sampson ("Sampson") appeals his guilty-plea

conviction and sentence for being a felon in possession of a

firearm, in violation of 18 U.S.C. § 922(g)(1).  He contends that

the district court erred by permitting the Government to meet its

burden of proof on a disputed sentencing factor by relying on the

presentence report ("PSR") and that the factual basis for the

"interstate commerce" element of the offense of conviction was

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

insufficient to support the guilty plea. He concedes that these issues are foreclosed by this court's precedent, but he seeks to preserve the issues for Supreme Court review.

In the absence of any evidence that the information in the PSR was materially untrue, the district court did not err in finding the PSR reliable and adopting the factual findings therein for sentencing purposes. See United States v. Davis, 76 F.3d 82, 84 (5th Cir. 1996).

We have held that 18 U.S.C. § 922(g)(1)'s interstate commerce element is satisfied by the possession of a firearm that was manufactured in a different state or country. United States v. Daugherty, 264 F.3d 513, 518 & n.12 (5th Cir. 2001), cert. denied, 122 S. Ct. 1113 (2002). This element is satisfied because the firearm possessed by Sampson previously traveled in interstate commerce. See United States v. Rawls, 85 F.3d 240, 242-43 (5th Cir. 1996). As one panel of this court may not overrule or ignore a prior panel decision, see United States v. Ruiz, 180 F.3d 675, 676 (5th Cir. 1999), this issue is foreclosed.

AFFIRMED.