**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Raul Camargo FLORES, also known**
**as Woody, Defendant–Appellant.**

**No. 03–10152.**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 18, 2004.

Diane D. Kirstein, Joseph H Gay, Jr, Assistant US Attorney, US Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Ira Raymond Kirkendoll, Federal Public Defender, Federal Public Defender's Office, Northern District of Texas, Dallas, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM.*

Raul Camargo Flores appeals from his sentence for possession with intent to distribute more than 50 grams of methamphetamine and aiding and abetting in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2. He argues that the district court erred in determining that his prior escape offense in violation of 18 U.S.C. § 751 was a crime of violence

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under U.S.S.G. § 4B1.1, the career offender sentencing guideline. He concedes that this issue is foreclosed and raises it to preserve for further review.

Flores's knowing escape from federal custody constitutes a crime of violence within the meaning of U.S.S.G. § 4B1.1. *See United States v. Ruiz*, 180 F.3d 675, 677 (5th Cir.1999). The district court did not err in making an adjustment to Flores's offense level under the career offender sentencing guideline. *See id.*

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.