**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Mikeal Glen STINE, Defendant– Appellant.**

Nos. 04–40561, 04–40582.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Jan. 12, 2005.

Mitchel Neurock, U.S. Attorney's Office Southern District of Texas, Laredo, TX, for Plaintiff–Appellee.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas Houston, TX, Richard O. Ely, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Philip G. Gallagher, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JONES, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM: *

Mikeal Glen Stine appeals the sentence imposed after a jury convicted him of aiding and abetting bank robbery and conspiracy to commit bank robbery. Stine was sentenced as a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2 based on Stine's prior federal convictions for escape. Stine argues that the escape convictions were not "crimes of violence" for purposes of establishing career-offender status.

The district court also revoked Stine's supervised release, and the appeal of the revocation was consolidated with the appeal of the bank-robbery sentence. However, Stine waived the revocation issue by expressly declining to brief it. *See Yohey v. Collins,* 985 F.2d 222, 225 (5th Cir.1993) (issues not briefed are abandoned).

Stine concedes that in *United States v. Ruiz,* 180 F.3d 675, 676–77 (5th Cir.1999), this court held that every escape is "by its nature" a crime of violence because of the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

inherent risk that a person could be injured during the escape or the recapture of the escapee. However, he contends that this court implicitly overruled *Ruiz* in *United States v. Charles,* 301 F.3d 309, 313–14 (5th Cir.2002). *Charles* held that theft of a motor vehicle was not, by its nature, a crime of violence, but this court has not held that escape is not, by its nature, a crime of violence. Consistent with *Ruiz,* all other circuits that have addressed the issue agree that escape is a crime of violence. We decline to hold that *Ruiz* has been implicitly overruled.

Stine contends that his 1982 Arizona conviction for conspiracy to commit sexual assault was not a crime of violence. However, he waives that issue by failing to brief it. *See United States v. Reyes,* 300 F.3d 555, 558 n. 2 (5th Cir.2002) (failure to provide legal or factual analysis of issue results in waiver); *Brinkmann v. Dallas County Deputy Sheriff Abner,* 813 F.2d 744, 748 (5th Cir.1987) (general arguments insufficient to preserve issues for appeal).

Stine also contends his prior convictions could not be used to increase his sentence unless they were alleged in the indictment as proved to the jury beyond a reasonable doubt. This contention is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but Stine wishes to preserve the issue for Supreme Court review in the light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *Apprendi* did not overrule *Almendarez–Torres* and expressly limited its holding to facts "[o]ther than the fact of a prior conviction". *See Apprendi,* 530 U.S. at 489–90. This court must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it". *United States v. Dabeit,* 231 F.3d 979, 984 (internal quotation marks and citation omitted).

The judgment of the district court is AFFIRMED.