United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 23, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10976
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY BRUCE PETTIGREW,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CR-19-ALL-L

Before GARWOOD, JOLLY, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Anthony Bruce Pettigrew appeals the sentence imposed after his guilty-plea conviction for escape. Pettigrew was sentenced as a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2 based on his instant escape conviction and his two prior convictions for bank robbery. Based on his career offender status the applicable guideline range was 37 to 46 months. He was sentenced to 42

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

months.

Pettigrew argues in his first point that the instant escape conviction was not a "crime of violence" for purposes of establishing career-offender status because it merely involved failure to report to a Bureau of Prison facility (a half way house) to which, as a part of his sentence, he was to report (following his incarceration at FCI Three Rivers), and remain confined, as a part of his federal sentence. Pettigrew concedes that in *United States v. Ruiz*, 180 F.3d 657, 676-77 (5th Cir. 1999), this court held that every escape is "by its nature" a crime of violence because of the inherent risk that a person could be injured during the escape or the recapture of the escapee. However, he contends that *Ruiz* is factually distinguishable from his case and that the reasoning of *Ruiz* was rejected in *United States v. Charles*, 301 F.3d 309, 313-14 (5th cir. 2002) (en banc). One panel of this court may not overrule another. Unless *Ruiz* has been overruled by the en banc opinion in *Charles,* we are bound by *Ruiz's* holding that escape is categorically a crime of violence under guidelines section 4B1.2 – that "every" escape is such an offense. *Ruiz* at 677. While there is arguably some tension between portions of the opinions in *Charles* and *Ruiz*, *Charles*, which dealt with motor vehicle theft, does not cite or purport to overrule *Ruiz* and does not even mention the offense of escape. Moreover, *Charles* states that the "by its nature, presented a serious potential risk of

2

physical injury to another" clause of Application Note 1 to section 4B1.2(a)(2) "calls for a categorical inclusion or exclusion of crimes." *Charles* at 314. *Ruiz* is best read as holding that the crime of escape is categorically *included*. There is not a sufficiently clear conflict between *Charles* and *Ruiz* to justify this panel in departing from *Ruiz* on the basis that it has been effectively overruled by *Charles*.[1]

Pettigrew has not established that the district court erred in finding that he was a career offender.

Pettigrew, in his second and final point of error, also argues that the district court improperly enhanced his sentence under U.S.S.G. § 4B1.2 because he did not admit to the facts resulting in the career offender enhancement. In *United States v. Booker*, 125 S.Ct. 738, 749-50 (2005), the Supreme Court held that any fact other than a prior conviction used to enhance a sentence must be admitted by the defendant or found by a jury. Because Pettigrew pleaded guilty to escape, which is categorically a crime of violence, he cannot show that the enhancement of his sentence

---

[1] We observe in passing that most of the other circuits (perhaps all that have spoken to it) appear to have followed *Ruiz* in holding escape is categorically a crime of violence. *See, e.g., United States v. Winn*, 364 F.3d 7, 10-11 (1st Cir. 2004) (citing cases); *United States v. Thomas*, 361 F.3d 653, 657-60 (D.C. Cir. 2004); *United States v. Bryant*, 310 F.3d 550, 554 (7th Cir. 2002).

constituted error.[2]

The judgment of the district court is thus

AFFIRMED.

---

[2] The two prior bank robbery convictions were likewise categorically crimes of violence, as "robbery" is a specifically named offense in Application Note 1 to § 4B1.2. As such, these prior convictions are within the prior conviction exception to *Booker's* Sixth Amendment holding.

Pettigrew does not argue that he is entitled to resentencing because the district court applied the guidelines on a mandatory, rather than advisory, basis (nor did he make any such contention below). We therefore need not address that. In any event, reversal on the basis of such a contention would, at a minimum, have to meet the prejudice prong of plain error review under FED. R. CRIM. P. 52(b). The sentence here was in the upper half of the guideline range, and there is nothing in the record to suggest that the district court would have imposed a lesser sentence had it treated the guidelines as merely advisory, so this standard is not met.