United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 5, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-20124
Summary Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

ASHLEY TREMAINE WALTHALL,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-271-ALL
---------------------

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[*]

     Ashley Tremaine Walthall appeals from his conviction of possession with intent to distribute PCP, possession with intent to distribute marijuana, use of a firearm during and in connection to a drug-trafficking offense, and being a felon in possession of a firearm.  He contends that the Government failed to prove that police had probable cause for his arrest because probable cause in his case could not be shown by the collective knowledge of officers on the scene; that the evidence was

--------

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

insufficient to prove that his firearm traveled in interstate commerce; that the district court erred by making factual findings relevant to his post-United States v. Booker, 125 S. Ct. 738 (2005), sentencing independent of a jury; and that the district court erred by applying a preponderance-of-the-evidence standard to its sentencing factfindings.

The testimony at the suppression hearing and trial indicated that police had probable cause to arrest Walthall and search his person and his vehicle. See United States v. Carillo-Morales, 27 F.3d 1054, 1062 (5th Cir. 1994); United States v. Kelly, 961 F.2d 524, 527 (5th Cir. 1992). Viewing the evidence in the light most favorable to the district court's ruling, see United States v. Foy, 28 F.3d 464, 474 (5th Cir. 1994), the officer conducting the surveillance of Walthall related his observations to the other members of his unit, including the arresting officer. The observations of the officer conducting surveillance, combined with Walthall's actions, were sufficient to give rise to probable cause.

The testimony at trial was sufficient for a reasonable jury to find beyond a reasonable doubt that the firearm at issue in the case was a genuine Lorcin pistol, and that it was manufactured in California. The evidence was sufficient to prove the interstate commerce element of a felon-in-possession offense. See United States v. Guidry, 406 F.3d 314, 318 (5th Cir.), cert. denied, 126 S. Ct. 190 (2005).

Walthall does not challenge the reasonableness of his sentence. Rather, he challenges the sentencing procedures followed by the district court. This court has noted regarding post-Booker sentencing that, under the advisory sentencing scheme, district judges may find all facts relevant to sentencing, employing the preponderance-of-the-evidence standard. United States v. Mares, 402 F.3d 511, 519 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). This court noted that "[u]nder U.S.S.G. § 6A1.3(b) (2004), which remains in effect, the district court is required to 'resolve disputed sentencing factors . . . in accordance with Rule 32(i), Fed. R. Crim. P.' The Commentary to this Guideline provides for use of the preponderance of the evidence standard." Id. n.6.

Waltham seeks to have this portion of Mares overturned, arguing that it contradicts the Supreme Court's recent Sixth Amendment jurisprudence. One panel of this court may not overrule or ignore a prior panel decision. See United States v. Ruiz, 180 F.3d 675, 676 (5th Cir. 1999).

AFFIRMED.