Jose Jesus Echegollen–Barrueta, Federal Correctional Institution, Three Rivers, TX, for Plaintiff–Appellant.

Shelley Nieto Dahlberg, Office of the Attorney General for the State of Texas, Austin, TX, for Defendant–Appellee.

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Jose Jesus Echegollen–Barrueta (Echegollen), federal inmate # 31871–048, appeals the dismissal without prejudice of his complaint against the University of Texas Medical Branch (UTMB) and "Doe" defendants for failure to perfect timely service on any of the named defendants. Because Echegollen's brief wholly fails to address the basis of the district court's dismissal of his complaint, he has waived any argument regarding his failure to serve the defendants. *See Yohey v. Collins,* 985 F.2d 222, 224–25 (5th Cir.1993); *Brinkmann v. Dallas County Deputy Sheriff Abner,* 813 F.2d 744, 748 (5th Cir.1987).

AFFIRMED.

**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Hipolito ARCE–GONZALEZ, also known as Jose Luis Pulido–DeLeon, Defendant–Appellant.**

No. 05–40795.
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Feb. 23, 2006.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

James Lee Turner, Assistant U.S. Attorney, Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Philip G. Gallagher, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Hipolito Arce–Gonzalez (Arce) appeals his conviction and sentence following his guilty plea to being illegally present in this country following removal. Arce argues that the district court erred by finding that his prior Texas felony conviction for burglary of a habitation was a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). In *United States v. Garcia–Mendez,* 420 F.3d 454, 456–57 (5th Cir.2005), *petition for cert. filed* (Dec. 15, 2005) (No. 04–41152), this court held that a prior Texas conviction for burglary of a habitation was a prior conviction for a crime of violence under § 2L1.2(b)(1)(A)(ii) because it was equivalent to the enumerated offense of burglary of a dwelling. Arce asserts that *Garcia–Mendez* is inapposite to the present case because the issue in that case was reviewed for plain error and because this court did not apply the categorical analysis mandated by *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990).

Although review of this issue in *Garcia–Mendez* was for plain error, this court clearly held that a Texas conviction for burglary of a habitation was a conviction for a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). *See Garcia–Mendez,* 420 F.3d at 456–57. Arce's argument that this court did not properly apply the categorical analysis of *Taylor* in *Garcia–Mendez* is tantamount to arguing that *Garcia–*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Mendez* was incorrectly decided, and is unavailing. *Garcia–Mendez* resolved the issue raised in this case, and one panel of this court may not ignore the precedent set by a prior panel. *United States v. Ruiz,* 180 F.3d 675, 676 (5th Cir.1999).

Arce's constitutional challenge to 8 U.S.C. § 1326(b) is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Arce contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Arce properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.