United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40795
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

HIPOLITO ARCE-GONZALEZ, also known as Jose Luis
Pulido-DeLeon,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-936-ALL
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

     Hipolito Arce-Gonzalez (Arce) appeals his conviction and

sentence following his guilty plea to being illegally present in

this country following removal.  Arce argues that the district

court erred by finding that his prior Texas felony conviction for

burglary of a habitation was a crime of violence under U.S.S.G.

§ 2L1.2(b)(1)(A)(ii).  In United States v. Garcia-Mendez, 420

F.3d 454, 456-57 (5th Cir. 2005), petition for cert. filed (Dec.

15, 2005) (No. 04-41152), this court held that a prior Texas

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction for burglary of a habitation was a prior conviction for a crime of violence under § 2L1.2(b)(1)(A)(ii) because it was equivalent to the enumerated offense of burglary of a dwelling. Arce asserts that Garcia-Mendez is inapposite to the present case because the issue in that case was reviewed for plain error and because this court did not apply the categorical analysis mandated by Taylor v. United States, 495 U.S. 575 (1990).

Although review of this issue in Garcia-Mendez was for plain error, this court clearly held that a Texas conviction for burglary of a habitation was a conviction for a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). See Garcia-Mendez, 420 F.3d at 456-57. Arce's argument that this court did not properly apply the categorical analysis of Taylor in Garcia-Mendez is tantamount to arguing that Garcia-Mendez was incorrectly decided, and is unavailing. Garcia-Mendez resolved the issue raised in this case, and one panel of this court may not ignore the precedent set by a prior panel. United States v. Ruiz, 180 F.3d 675, 676 (5th Cir. 1999).

Arce's constitutional challenge to 8 U.S.C. § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Arce contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.

See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Arce properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.