United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 7, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-51153
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE CERVANTES-BLANCO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-472-ALL
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jorge Cervantes-Blanco appeals his guilty-plea conviction and sentence for illegal reentry following deportation in violation of 8 U.S.C. § 1326. He challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cervantes-Blanco's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Cervantes-Blanco contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Cervantes-Blanco properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but raises it here to preserve it for further review.

Cervantes-Blanco also contends that the district court committed reversible error when it sentenced him pursuant to the mandatory United States Sentencing Guidelines held unconstitutional in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). Further, Cervantes-Blanco argues that the district court erred when it enhanced his sentence based on a finding that his state conviction for attempted second degree kidnaping was a crime of violence.

The district court erred when it sentenced Cervantes-Blanco pursuant to a mandatory guidelines system. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir.), cert. denied, 126 S. Ct. 267 (2005). This error was more like that experienced by the other respondent in Booker, Ducan Fanfan. See United States v. Martinez-Lugo, 411 F.3d 597, 600 (5th Cir.), cert.

denied, 126 S. Ct. 464 (2005).  Because Cervantes-Blanco preserved his Fanfan challenge in the district court by raising an objection based on Blakely v. Washington, 542 U.S. 296 (2004), we review for harmless error.  United States v. Walters, 418 F.3d 461, 463 (5th Cir. 2005).  The Government bears the burden of proving beyond a reasonable doubt that the district court would not have sentenced Cervantes-Blanco differently under an advisory guidelines system.  See id. at 464.[1]

The Government concedes that the district court erred when it sentenced Cervantes-Blanco pursuant to a mandatory guidelines system and that the error was not harmless.  A review of the sentencing transcript supports the Government's concession.  We therefore vacate Cervantes-Blanco's sentence and remand the case for resentencing.  Because we remand based on the Fanfan error, we need not address Cervantes-Blanco's other claimed sentencing error.  See United States v. Akpan, 407 F.3d 360, 377 n.62 (5th Cir. 2005).

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.

---

[1]  Although we must follow the panel's decision in *Walters*, *United States v. Ruiz*, 180 F.3d 675, 676 (5th Cir. 1999), we note that the standard of review it applied - requiring the Government to show that preserved Fanfan error was harmless beyond a reasonable doubt - was not contested in the case and appears to be incorrect because Fanfan error is nonconstitutional error, *see United States v. Hughes*, 410 F.3d 540, 553 (4th Cir. 2005) (pointing out that Fanfan error, unlike *Booker* error, is nonconstitutional).  Rather, "harmless error" in Fanfan cases is defined by the standard announced in *Kotteakos v. United States*, 328 U.S. 750, 776 (1946).  *See United States v. Hernandez-Guevara*, 162 F.3d 863, 876 (5th Cir. 1998) (applying *Kotteakos* to preserved nonconstitutional error).  But the issue is irrelevant here because the Government cannot meet either burden.