United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 30, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40432
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALAN LAWRENCE SHELBY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:04-CR-138-ALL
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Alan Lawrence Shelby pleaded guilty to escape from federal custody and was sentenced to 40 months of imprisonment, three years of supervised release, $2,692.60 in restitution, and a $100 special assessment.

Shelby argues on appeal that the district court erred in determining that the instant offense of escape was a crime of violence qualifying him as a career offender under U.S.S.G.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 4B1.1.  He concedes that this court held in <u>United States v. Ruiz</u>, 180 F.3d 675, 677 (5th Cir. 1999), that escape constitutes a crime of violence under U.S.S.G. § 4B1.2.  He argues, however, that <u>Ruiz</u> was effectively overruled by this court's subsequent decision in <u>United States v. Charles</u>, 301 F.3d 309 (5th Cir. 2002) (en banc), because <u>Charles</u> overruled any prior cases conflating the guidelines "crime of violence" definition found in § 4B1.2 and the differing statutory "crime of violence" definition found in 18 U.S.C. § 16.  <u>Ruiz</u> did not conflate the definitions of § 16 and § 4B1.2(a).  Therefore, <u>Charles</u> did not effectively overrule <u>Ruiz</u> on this basis.

AFFIRMED.