United States Court of Appeals
Fifth Circuit

**F I L E D**

April 19, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40913
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ANTONIO MORA-MARTINEZ, also known as Antonio Martinez-Mora,
also known as Jose Ruiz-Garcia, also known as Alandro Mendez,
also known a Ruperto Ontiveros,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-93-ALL
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Antonio Mora-Martinez (A.K.A. "Ruiz") appeals his 84-month

sentence for being an alien unlawfully found in the United States

after deportation, in violation of 8 U.S.C. § 1326(a) and (b).

Ruiz argues for the first time on appeal that the district court

erred when it enhanced his base offense level by 16 levels

because his prior Texas conviction for burglary of a habitation

does not qualify as a crime of violence for purposes of U.S.S.G.

----

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2L1.2(b)(1)(A)(ii).  The district court did not plainly err when it determined that burglary of a habitation was a crime of violence for purposes of assessing a 16-level increase under § 2L1.2(b)(1)(A)(ii).  See United States v. Garcia-Mendez, 420 F.3d 454, 456-57 (5th Cir. 2005), cert. denied, 126 S. Ct. 1398 (2006).  Ruiz's argument that Garcia-Mendez is contrary to this court and the Supreme Court's precedent is unavailing.  See United States v. Ruiz, 180 F.3d 675, 676 (5th Cir. 1999).

Ruiz argues that his sentence must be vacated and his case remanded for resentencing because the district court committed reversible error by sentencing him pursuant to a mandatory Sentencing Guidelines regime in light of United States v. Booker, 543 U.S. 220 (2005).  The district court's sentence pursuant to a mandatory Guidelines scheme constitutes Fanfan error.  See United States v. Walters, 418 F.3d 461, 463-64 (5th Cir. 2005).  Because the sentencing transcript is silent regarding whether the district court would have imposed the same sentence had the Guidelines been advisory, the Government has failed to meet its burden of proving beyond a reasonable doubt that the district court would have imposed the same sentence had the Guidelines been advisory only.  See id. at 464.

Ruiz argues that the "felony" and "aggravated felony" provisions of § 1326(b) are unconstitutional.  Ruiz's constitutional challenge to § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).

Although Ruiz contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding.  <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005).  Ruiz properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

Accordingly, we AFFIRM Ruiz's conviction, VACATE his sentence, and REMAND the case for resentencing.