United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40658
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GABINO GALVAN-PENA, also known as Jesus Garcia,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-1115-ALL
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:*

   Gabino Galvan-Pena (Galvan) challenges his guilty-plea
conviction and sentence for illegal reentry following
deportation, in violation of 8 U.S.C. § 1326.  Galvan's argument
that his prior burglary conviction in Texas does not qualify
as a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii) is
foreclosed.  See United States v. Garcia-Mendez, 420 F.3d 454,
456-57 (5th Cir. 2005), cert. denied, 126 S. Ct. 1398 (2006).

---

   * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Galvan's argument that this court did not properly apply the categorical analysis of Taylor v. United States, 495 U.S. 575 (1990), is tantamount to arguing that Garcia-Mendez was wrongly decided. Garcia-Mendez resolved the issue raised in this case; one panel of this court may not ignore the precedent set by a prior panel. United States v. Ruiz, 180 F.3d 675, 676 (5th Cir. 1999). Because Galvan's conviction for burglary of a habitation was a crime of violence for purposes of § 2L1.2(b)(1)(A)(ii) and provided a basis for the district court's 16-level enhancement of his offense level, this court need not address whether his prior robbery conviction in Texas was also a crime of violence under § 2L1.2(b)(1)(A)(ii).

Galvan also argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). His constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Galvan contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Galvan properly concedes that his argument is foreclosed in light of

Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.