United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41693
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

ROLANDO RODRIGUEZ-PINON,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-137-ALL
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

     Rolando Rodriguez-Pinon (Rodriguez) challenges his guilty-plea conviction and sentence for illegal reentry following deportation, in violation of 8 U.S.C. § 1326.  Rodriguez's contention that his prior burglary conviction in Texas does not qualify as a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii) lacks merit in light of United States v. Garcia-Mendez, 420 F.3d 454, 456-57 (5th Cir. 2005), cert. denied, 126 S. Ct. 1398 (2006).  His contention that this court

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

did not apply the proper categorical analysis of <u>Taylor v. United States</u>, 495 U.S. 575 (1990), is no more than an argument that <u>Garcia-Mendez</u> was wrongly decided. <u>Garcia-Mendez</u> resolved the issue raised in this case, and one panel of this court may not ignore the precedent set by a prior panel. <u>United States v. Ruiz</u>, 180 F.3d 675, 676 (5th Cir. 1999). Rodriguez's conviction for burglary of a habitation was a crime of violence for purposes of § 2L1.2(b)(1)(A)(ii) and provided a basis for the district court's 16-level enhancement of his offense level.

Rodriguez also contends that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). His constitutional challenge is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998). Although Rodriguez contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi</u>, we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Rodriguez properly concedes that his argument is foreclosed, but he raises it here to preserve it for further review.

AFFIRMED.