**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-10136

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

LORMAN TYRONE MILES

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC 4:07-CR-132-ALL

Before JONES, Chief Judge, and PRADO and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Lorman Tyrone Miles ("Miles"), who pleaded guilty to bank robbery, appeals his sentence on the ground that the district court improperly calculated his Sentencing Guidelines range. Specifically, Miles argues that the district court erred in determining that he was a "career offender" under U.S. Sentencing Guidelines Manual ("Guidelines") § 4B1.1(a). He challenges the district court's conclusions that (1) his prior escape conviction, under 18 U.S.C. § 751(a), for failing to return to a halfway house after a period

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of authorized leave qualifies as a "crime of violence" under Guidelines § 4B1.2(a); and (2) his prior court-martial for a drug offense, under 10 U.S.C. § 912a, qualifies as a "controlled substance offense" under Guidelines § 4B1.2(b). In light of the Supreme Court's decision in *Chambers v. United States*, 129 S. Ct. 687 (2009), which was issued after the district court sentenced Miles,[1] the Government concedes that the district court erroneously found that Miles's prior escape conviction constituted a crime of violence and that, as a consequence, the court erred in determining that Miles was a "career offender."[2] The Government argues, however, that this error was harmless because the district court would have sentenced Miles to the statutory maximum term of imprisonment regardless of its Guidelines calculation. We VACATE the sentence and REMAND for resentencing.

Although the Sentencing Guidelines are now advisory, a district court is still required to properly calculate the applicable Guidelines range. *Gall v. United States*, 128 S. Ct. 586, 597 (2007). The district court here made its calculation based upon the conclusion that Miles was a career offender. Because we accept the Government's concession that Miles's escape conviction is not a "crime of violence" after the Supreme Court's decision in *Chambers*, we find that the district court's career offender determination was erroneous.[3] We thus turn directly to the question of whether the resulting error in calculating the

---

[1] The Supreme Court decided *Chambers* after Miles filed his opening brief on appeal but before the Government filed its response brief. Miles addressed *Chambers* in a letter brief pursuant to Federal Rule of Appellate Procedure 28(j).

[2] Without the escape conviction, Miles does not have the requisite number of convictions to qualify as a career offender regardless of whether his drug offense court martial constitutes a "controlled substance offense." Accordingly, we do not reach that issue on this appeal.

[3] As a result of the Government's concession, we leave for another day, when the issue is more squarely presented, the question of whether and to what extent *Chambers* impacts other precedents of this court such as *United States v. Ruiz*, 180 F.3d 675 (5th Cir. 1999).

Guidelines sentence was harmless error in light of the eventual statutory maximum sentence imposed by the court.

The district court began its Guidelines calculation by considering Miles's plea and stipulations. Miles pleaded guilty to one count of bank robbery and stipulated to committing three others. The court treated the stipulated robberies as convictions, grouped them with Miles's actual conviction, and calculated an adjusted offense level of 27. The court then subtracted three levels for Miles's acceptance of responsibility, yielding a total offense level of 24. Based upon Miles's thirteen prior convictions and the fact that he committed the instant offense less than two years after release from imprisonment, the court determined that Miles fell within Criminal History Category VI. This resulted in an advisory Guidelines range of 100-125 months.

After making its initial calculation, the court then reviewed Miles's Pre-Sentence Report ("PSR"). The PSR suggested that an upward departure may be warranted because Miles's criminal history category under-represented his criminal history or the likelihood that he would commit further crimes. In an addendum to the PSR, the Probation Office concluded that Miles was a "career offender" under Guidelines § 4B1.1(a). The district court agreed and adjusted its Guidelines calculations to reflect this enhancement. Pursuant to Guidelines § 4B1.1(b)(C), the court adjusted Miles's Offense Level to 32. It then subtracted three levels for acceptance of responsibility, yielding an Offense Level of 29 and an advisory Guidelines range of 151-188 months.

The court then concluded that an upward departure was appropriate because, as the PSR noted, Miles's criminal history category under-represented his criminal history or the likelihood that he would commit further crimes. The court departed upward to an Offense Level of 32, which resulted in an advisory Guidelines range of 210-262 months. Because the statutory maximum penalty

for Miles's crime of conviction was only 240 months, it adjusted the advisory Guidelines range to 210-240 months and sentenced him to the top of that range.

However, had the district court not applied the "career offender" enhancement, it would have properly calculated Miles's Offense Level as 24 (after the acceptance-of-responsibility deduction), as discussed above, yielding an advisory Guidelines range of 100-125 months. The court could have then upwardly departed from this lower range up to the statutory maximum.

Although the district court sentenced Miles to the statutory maximum, the record is ambiguous as to whether it would have imposed the same sentence if the Guidelines calculation had yielded a lower range. At the sentencing hearing, the district judge listened to and carefully considered the arguments made by the parties. During the various proceedings in this case, the judge made some statements to the effect that Miles deserved the statutory maximum. However, he also made several comments suggesting that he only intended to depart a certain number of levels from the advisory Guidelines. If his intent were the latter, then a change in the advisory Guidelines range could result in a concomitant change in the sentence imposed, even with an upward departure.

Given the ambiguity in the record, we cannot conclude that the admitted error in calculating the Guidelines range was harmless. Accordingly, we VACATE the sentence and REMAND for resentencing in accordance with this opinion.