# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-60451
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2020

Lyle W. Cayce
Clerk

MALIK AKBAR BHAI, also known as Malik Akbarbhai Virani, also known as Malik Akbar-Bhai Virani, also known as Malik Abbar-Bhai Virani; SHAMA MALIK, also known as Shama Malik Virani,

Petitioners

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A076 652 945
BIA No. A076 643 946

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Malik Akbar Bhai and Shama Malik, natives and citizens of India, petition for review of an order of the Board of Immigration Appeals (BIA) denying their motion to reopen their removal proceedings and an order denying reconsideration. Although they sought reopening on several grounds, in their

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

petition for review they challenge only the determinations that they had not demonstrated material changed country conditions and that their allegedly defective Notices to Appear did not deprive the immigration judge of jurisdiction.

We review the denial of a motion to reopen under a "highly deferential abuse-of-discretion standard." *Nunez v. Sessions*, 882 F.3d 499, 505 (5th Cir. 2018). We will affirm the BIA's decision if it "is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* (internal quotation marks and citation omitted). The denial of a motion for reconsideration also is reviewed "under a highly deferential abuse of discretion standard." *Le v. Lynch*, 819 F.3d 98, 104 (5th Cir. 2016).

Relying primarily on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), the petitioners first argue that the immigration court lacked jurisdiction because their Notices to Appear were not valid charging documents. We recently rejected similar arguments in *Pierre-Paul v. Barr*, 930 F.3d 684 (5th Cir. 2019), *petition for cert. filed* (U.S. Dec. 16, 2019) (No. 19-779). Despite the petitioners' arguments that *Pierre-Paul* was wrongly decided, it remains binding. *See United States v. Ruiz*, 180 F.3d 675, 676 (5th Cir. 1999).

Next, we note that an alien has a "heavy burden" to demonstrate changed country conditions for purposes of a motion to reopen. *Nunez*, 882 F.3d at 508. This requires "making a meaningful comparison between the conditions at the time of the removal hearing and the conditions at the time the alien filed her motion to reopen." *Id.*

Rather than directly challenging the BIA's determination, the petitioners instead argue that it made a number of legal errors, such as misconstruing and misapplying the standards for demonstrating changed

country conditions, mischaracterizing and misconstruing some of their specific claims, and distorting and arbitrarily disregarding crucial evidence.  After reviewing the record and the BIA's decision, we conclude that the petitioners "received full and fair consideration of all circumstances that give rise" to their claims.  *Ghotra v. Whitaker*, 912 F.3d 284, 290 (5th Cir. 2019) (internal quotation marks and citation omitted).  In addition, although the BIA did not address all evidence in the record, we conclude that the BIA's decision "reflect[s] meaningful consideration of the relevant substantial evidence supporting the alien's claims," *Abdel-Masieh v. INS*, 73 F.3d 579, 585 (5th Cir. 1996), and explains its decision "in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted," *Ghotra*, 912 F.3d at 290 (internal quotation marks and citation omitted).

We now turn to whether the BIA's denial of reopening was an abuse of its discretion.  *See Nunez*, 882 F.3d at 505.  As the BIA recognized, petitioners presented evidence of deteriorating conditions for Muslims in India, but it concluded that they failed to show a material change in country conditions. Because the BIA's decision was not capricious, racially invidious, utterly without foundation in the evidence, or so irrational that it was arbitrary, we conclude that the BIA did not abuse its discretion in denying the petitioners' motion to reopen.  *See Nunez*, 882 F.3d at 505.  Therefore, the petition for review from the denial of the motion to reopen is DENIED.

Finally, the petitioners filed a separate petition for review from the BIA's denial of their motion for reconsideration.  Because the motion to reconsider raised many of the same issues already discussed, and because we conclude that none of the other issues raised show an abuse of discretion, we conclude that the BIA did not abuse its discretion by denying the motion for

reconsideration. *See Le*, 819 F.3d at 104. Therefore, the petition for review from the denial of reconsideration also is DENIED.