Larson, Assistant U.S. Attorney, U.S. Attorney's Office Northern District of Texas, Fort Worth, TX, for Plaintiff–Appellee.

Warren Douglass Coble, Jr., Florence, CO, pro se.

Bonita L. Gunden, Assistant Federal Public Defender, Federal Public Defender's Office Northern District of Texas, Amarillo, TX, for Defendant–Appellant.

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM: *

The attorney appointed to represent Warren Douglass Coble, Jr., on appeal has moved for leave to withdraw and has filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Coble has responded to counsel's motion, arguing that the sentencing court erred in sentencing him for possession of crack cocaine as opposed to some other form of cocaine base. Our independent review of the brief, Coble's response, and the record discloses no nonfrivolous issue. Accordingly, counsel's motion to withdraw is GRANTED; counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

Antonio MORA–MARTINEZ, also known as Antonio Martinez–Mora, also known as Jose Ruiz–Garcia, also known as Alandro Mendez, also known a Ruperto Ontiveros, Defendant–Appellant.

No. 04–40913.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided April 19, 2006.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

**614**

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, Michelle Palacios, U.S. Attorney's Office Southern District of Texas, McAllen, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM: *

■ Antonio Mora–Martinez (A.K.A."Ruiz") appeals his 84–month sentence for being an alien unlawfully found in the United States after deportation, in violation of 8 U.S.C. § 1326(a) and (b). Ruiz argues for the first time on appeal that the district court erred when it enhanced his base offense level by 16 levels because his prior Texas conviction for burglary of a habitation does not qualify as a

crime of violence for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(ii). The district court did not plainly err when it determined that burglary of a habitation was a crime of violence for purposes of assessing a 16–level increase under § 2L1.2(b)(1)(A)(ii). *See United States v. Garcia–Mendez,* 420 F.3d 454, 456–57 (5th Cir.2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 1398, 164 L.Ed.2d 100 (2006). Ruiz's argument that *Garcia–Mendez* is contrary to this court and the Supreme Court's precedent is unavailing. *See United States v. Ruiz,* 180 F.3d 675, 676 (5th Cir.1999).

■ Ruiz argues that his sentence must be vacated and his case remanded for re-sentencing because the district court committed reversible error by sentencing him pursuant to a mandatory Sentencing Guidelines regime in light of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The district court's sentence pursuant to a mandatory Guidelines scheme constitutes *Fanfan* error. *See United States v. Walters,* 418 F.3d 461, 463–64 (5th Cir.2005). Because the sentencing transcript is silent regarding whether the district court would have imposed the same sentence had the Guidelines been advisory, the Government has failed to meet its burden of proving beyond a reasonable doubt that the district court would have imposed the same sentence had the Guidelines been advisory only. *See id.* at 464.

Ruiz argues that the "felony" and "aggravated felony" provisions of § 1326(b) are unconstitutional. Ruiz's constitutional challenge to § 1326(b) is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Ruiz contends that *Almendarez–Torres* was incorrectly decid-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ed and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Ruiz properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

Accordingly, we AFFIRM Ruiz's conviction, VACATE his sentence, and REMAND the case for resentencing.