United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 27, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40869
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AURELIO VALDEZ-MALTOS, also known as Eduardo Valez-Maltos,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas

--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:

Aurelio Valdez-Maltos (Valdez) was convicted after a jury trial of being found unlawfully present in United States following deportation, and he was sentenced to 77 months of imprisonment, three years of supervised release, and a $100 special assessment that was ordered remitted on motion of the Government.

Valdez argues that the district court abused its discretion in overruling his hearsay objection to Border Patrol Agent Amador Carbajal's testimony that there was no record of his application for permission to enter the United States. He contends that this

testimony did not qualify under the FED. R. EVID. 803(10) "absence of public record or entry" exception to the hearsay rule because Carbajal did not testify that he had performed a diligent search for the records and because there was no evidence that a diligent search had been performed. However, Carbajal need not have specifically testified that a "diligent search failed to disclose the record," as long as the testimony and the relevant circumstances reflected an adequate search. See United States v. Wilson, 732 F.2d 404, 414 (5th Cir. 1984). The evidence indicates that a diligent search of both of the names by which Valdez was known and their corresponding alien registration numbers was performed by Carbajal. Accordingly, the district court did not abuse its discretion in overruling Valdez's hearsay objection.

Valdez argues that the district court violated the Confrontation Clause by admitting, over his objection, copies of two warrants of deportation. He argues that these warrants constitute "testimonial" hearsay under Crawford v. Washington, 541 U.S. 36 (2004), and were not admissible because there was no showing that the persons who completed the warrants were unavailable for trial and because those persons were not previously subject to cross-examination.

In United States v. Rueda-Rivera, 396 F.3d 678, 680 (5th Cir. 2005), this court stated generally that documents in a defendant's immigration file are analogous to nontestimonial

business records.  In United States v. Quezada, 754 F.2d 1190, 1194-95 (5th Cir. 1985), this court held that a warrant of deportation contained in an alien's INS file properly was admitted under FED. R. EVID. 803(8)(B), determining that a warrant of deportation was reliable and admissible because the official preparing the warrant had no motivation to do anything other than "mechanically register an unambiguous factual matter."  In light of these cases and the nature of warrants of deportation, we hold that warrants of deportation do not constitute testimonial hearsay under Crawford.

Valdez argues that the district court erred in increasing his offense level by 16 levels based on his prior commission of a crime of violence.  He contends that the Texas offense of burglary of a habitation, for which he had been convicted in the past, is not a crime of violence because it does not have as an element the use, attempted use, or threatened use of physical force against the person of another and because it is not equivalent to the enumerated offense of burglary of a dwelling. Valdez acknowledges that this issue is foreclosed by this court's decision in United States v. Garcia-Mendez, 420 F.3d 454, 457 (5th Cir. 2005), petition for cert. filed (Dec. 15, 2005) (No. 05-8542), but he asserts that he is raising the issue to preserve it for further review.  Garcia-Mendez considered the Texas burglary of a habitation statute and held that "'burglary of a habitation' is equivalent to the enumerated [crime of violence]

offense of 'burglary of a dwelling.'"  <u>Id.</u>  Thus, as Valdez concedes, under the existing precedent of this court, the district court did not err in determining that Valdez's prior burglary offense was a crime of violence.

Valdez's constitutional challenge to 8 U.S.C. § 1326(b) is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998).  Although Valdez contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005).  Valdez properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.