United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41458
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAIME ABEL RANGEL-TOVAR,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:05-CR-363-ALL
--------------------

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Jaime Abel Rangel-Tovar appeals his guilty plea conviction
and sentence for illegal reentry following deportation in
violation of 8 U.S.C. § 1326.  He contends that the district
court erred in treating his Texas burglary of a habitation
conviction as a crime of violence under U.S.S.G.
§ 2L1.2(b)(1)(A)(ii).  Rangel-Tovar's argument has been rejected
by this court.  See United States v. Garcia-Mendez, 420 F.3d 454,
456-57 (5th Cir. 2005), cert. denied, 126 S. Ct. 1398 (2006);
United States v. Valdez-Maltos, 443 F.3d 910, 911 (5th Cir.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2006), petition for cert. filed (July 24, 2006) (06-5473).

Further, Rangel-Tovar's argument that this court did not properly apply the categorical analysis of Taylor v. United States, 495 U.S. 575 (1990), is tantamount to arguing that Garcia-Mendez was wrongly decided. One panel of this court may not ignore the precedent set by a prior panel. United States v. Ruiz, 180 F.3d 675, 676 (5th Cir. 1999).

Rangel-Tovar also challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than as elements of the offense that must be found by a jury in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).

Rangel-Tovar's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Rangel-Tovar contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Rangel-Tovar properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.