United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 15, 2006**

Charles R. Fulbruge III
Clerk

REVISED AUGUST 29, 2006

**UNITED STATES COURT OF APPEALS
for the Fifth Circuit**

No. 05-50978

UNITED STATES,

Plaintiff-Appellee,

VERSUS

ROBERTO AGUIRRE-VILLA,
a/k/a Jose Hernandez,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas

(3:04-CR-687)

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:

Treating the petition for rehearing as a petition for en banc rehearing, the petition for rehearing is DENIED. Treating the petition for rehearing as a petition for panel rehearing, the petition for rehearing is GRANTED for the limited purpose of withdrawing the prior panel opinion and substituting this opinion therefor.

This is a post-*Booker* case in which Appellant Roberto Aguirre-Villa ("Aguirre-Villa") challenges the reasonableness of his

sentence under *United States v. Booker*, 543 U.S. 220 (2005), and the constitutionality of his sentence under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). We affirm his sentence.

## I.

In 2004, Aguirre-Villa pled guilty to illegal reentry and was sentenced to 77 months in prison. In 2005, this Court granted the parties' agreed motion to remand for resentencing post-*Booker*.

At resentencing, Aguirre-Villa asked the district court to impose a sentence below the applicable guideline sentencing range. He argued that a sentence within the applicable 77 to 96 month range would be unreasonable because the Western District of Texas lacked a U.S.S.G. § 5K3.1 "early disposition" program, which would have permitted a downward departure of up to four levels in a district with such a program. Prior to his initial sentencing, Aguirre-Villa had also challenged (under *Apprendi*) the sixteen-level enhancement imposed by the court for a prior aggravated felony conviction.

The district court rejected Aguirre-Villa's *Apprendi* challenge and decided that although the guideline range would have been lower (52 to 78 months instead of 77 to 96 months) had Aguirre-Villa been arrested in an adjacent district (the District of New Mexico), it would reimpose a 77-month sentence. Aguirre-Villa timely appealed.

## II.

A.   *Booker* Challenge

2

Post-*Booker*, we continue to review a district court's interpretation and application of the guidelines *de novo* and its findings of fact for clear error. *United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006) (citing *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005); *United States v. Creech*, 408 F.3d 264, 270 & n.2 (5th Cir.), *cert. denied*, 126 S. Ct. 777 (2005)). The district court's sentence is reviewed for reasonableness. *Id.* (citing *Booker*, 543 U.S. at 261; *United States v. Mares*, 402 F.3d 511, 520 (5th Cir.), *cert. denied*, 126 S. Ct. 43 (2005)). "In determining an appropriate sentence, a district court must consider as guideposts a properly calculated guideline range and the sentencing factors in 18 U.S.C. § 3553(a)." *Id.* (citing *Mares*, 402 F.3d at 518-19; *United States v. Duhon*, 440 F.3d 711, 714 (5th Cir. 2006)). "If a district court sentences a defendant within a properly calculated guideline range, that sentence enjoys a presumption of reasonableness." *Id.* (citing *United States v. Alonzo*, 435 F.3d 551, 553-54 (5th Cir. 2006)).

In this case, the district court sentenced Aguirre-Villa within the applicable guideline range.[1] In fact, it sentenced him to the shortest sentence in that range, 77 months. Accordingly, his sentence is entitled to a presumption of reasonableness. Aguirre-Villa has not overcome that presumption. Aguirre-Villa's only

---

[1]Aguirre-Villa concedes this point.

challenge to the reasonableness of his sentence is that it does not fully account for the factors contained in 18 U.S.C. § 3553(a), specifically § 3553(a)(2)(A), "the need for the sentence imposed to reflect the seriousness of the offense," and § 3553(a)(6), "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."[2] According to Aguirre-Villa, his sentence failed to reflect that his illegal reentry was, "at bottom," an international trespass, not a crime of violence or a crime that posed a danger to others. Further, Aguirre-Villa argues that his sentence failed to reflect the need to avoid a sentence disparity among defendants convicted in districts with early disposition programs and defendants convicted in districts without such programs.

The district court resentenced Aguirre-Villa post-*Booker* pursuant to an advisory application of the Sentencing Guidelines. The court considered and ultimately rejected Aguirre-Villa's sentencing disparity argument. Further, the court considered all of § 3553(a)'s factors, including Aguirre-Villa's extensive criminal history and history of recidivism, before deciding on an appropriate sentence. The refusal to factor in, when sentencing a defendant, the sentencing disparity caused by early disposition

---

[2]Aguirre-Villa presents additional arguments regarding § 3553(a) in his reply brief, but this Court will not ordinarily consider arguments raised for the first time in a reply brief. *See United States v. Jackson*, 50 F.3d 1335, 1340 n.7 (5th Cir. 1995). Accordingly, we decline to address them.

programs does not render a sentence unreasonable. Section 3553(a)(6) is but one factor in a list of factors to be considered; moreover, Congress must have thought the disparity warranted when it authorized early disposition programs without altering § 3553(a)(6). *See United States v. Marcial-Santiago*, 447 F.3d 715, 719 (9th Cir. 2006); *United States v. Montes-Pineda*, 445 F.3d 375, 379-80 (4th Cir. 2006); *United States v. Galicia-Cardenas*, 443 F.3d 553, 555 (7th Cir. 2006); *United States v. Martinez-Martinez*, 442 F.3d 539, 543 (7th Cir. 2006); *United States v. Jimenez-Beltre*, 440 F.3d 514, 519 (1st Cir. 2006) (en banc); *United States v. Sebastian*, 436 F.3d 913, 916 (8th Cir. 2006); *United States v. Morales-Chaires*, 430 F.3d 1124, 1131 (10th Cir. 2005); *United States v. Martinez-Flores*, 428 F.3d 22, 30 n.3 (1st Cir. 2005); *United States v. Hernandez-Cervantes*, 161 F. App'x 508, 512 (6th Cir. 2005). We agree with the Eighth Circuit's reasoning in *Sebastian* that

> to require [a] district court to vary from the advisory guidelines based solely on the existence of early disposition programs in other districts would conflict with the decision of Congress to limit the availability of such sentence reductions to select geographical areas, and with the Attorney General's exercise of prosecutorial discretion to refrain from authorizing early disposition agreements in [the district in question].

436 F.3d at 916. Therefore, after reviewing the briefs and the record and finding no persuasive reason to disturb the district court's sentence, we are convinced that Aguirre-Villa's sentence is

reasonable under *Booker* and Fifth Circuit precedent.

B.   *Apprendi* Challenge

Aguirre-Villa recognizes that his *Apprendi* challenge is foreclosed by circuit precedent and raises it only to preserve it for possible Supreme Court review. *See United States v. Valdez-Maltos*, 443 F.3d 910, 912 (5th Cir. 2006).

## III.

Accordingly, Aguirre-Villa's sentence is AFFIRMED.

6