United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41839
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RENE GARCIA-GARCIA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-657
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:*

Rene Garcia-Garcia (Garcia) appeals his guilty-plea
conviction and 77-month sentence for being present in the United
States after a prior deportation following an aggravated felony
conviction.  Garcia contends that the district court erred in
treating his Texas burglary of a habitation conviction as a crime
of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii).  Garcia's
argument has been rejected by this court.  See United States v.
Garcia-Mendez, 420 F.3d 454, 456-57 (5th Cir. 2005), cert.
denied, 126 S. Ct. 1398 (2006); United States v. Valdez-Maltos,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

443 F.3d 910, 911 (5th Cir.), <u>cert. denied</u>, 2006 WL 2094539 (Oct. 2, 2006) (No. 06-5473). Further, Garcia's argument that this court erroneously relied on <u>United States v. Hornsby</u>, 88 F.3d 336, 339 (5th Cir. 1996), and did not properly apply the categorical analysis of <u>Taylor v. United States</u>, 495 U.S. 575 (1990), is tantamount to arguing that <u>Garcia-Mendez</u> was wrongly decided. One panel of this court may not ignore the precedent set by a prior panel. <u>United States v. Ruiz</u>, 180 F.3d 675, 676 (5th Cir. 1999).

Garcia also challenges, in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than as elements of the offense that must be found by a jury. This issue is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998). Although Garcia contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi</u>, we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Garcia properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

Garcia argues that the district court erred by ordering him to cooperate in the collection of a DNA sample as a condition of his supervised release.  Such a claim is not ripe for review on direct appeal.  See United States v. Riascos-Cuenu, 428 F.3d 1100, 1101-02 (5th Cir. 2005), petition for cert. filed (Jan. 9, 2006) (No. 05-8662).  Accordingly, this claim is dismissed.  See id. at 1102.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.