United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 25, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-20650
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MOISES LUNA, also known as Luna Moises, also known as Moses Luna,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CR-53-ALL
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Moises Luna appeals his sentence following his guilty plea conviction for illegal reentry after previous deportation. Luna contends that the district court erred in treating his Texas burglary of a habitation conviction as a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). As Luna concedes, his argument has been rejected by this court. See United States v. Valdez-Maltos, 443 F.3d 910, 911 (5th Cir. 2006), cert. denied,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2006 WL 2094539 (U.S. Oct. 2, 2006) (No. 06-5473); United States v. Garcia-Mendez, 420 F.3d 454, 456-57 (5th Cir. 2005), cert. denied, 126 S. Ct. 1398 (2006).

Luna also challenges, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than as elements of the offense that must be found by a jury. This issue is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Luna contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Luna properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.