United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 25, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41272
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUSTAVO SANCHEZ-RIVERA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-341-ALL
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Gustavo Sanchez-Rivera pleaded guilty to one charge of
attempted illegal reentry into the United States and was
sentenced to serve 70 months in prison and a three-year term of
supervised release. Sanchez-Rivera argues that the district
court erred by concluding that his prior conviction for burglary
of a habitation constituted a crime of violence and by assessing
a 16-level adjustment for this conviction. This argument is, as
Sanchez-Rivera concedes, foreclosed. See United States v.
Valdez-Maltos, 443 F.3d 910, 911 (5th Cir. 2006), cert. denied,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2006 WL 2094539 (U.S. Oct. 2, 2006) (No. 06-5473); United States v. Garcia-Mendez, 420 F.3d 454, 456-57 (5th Cir. 2005), cert. denied, 126 S. Ct. 1398 (2006).

Sanchez-Rivera also challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Sanchez-Rivera's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Sanchez-Rivera contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Sanchez-Rivera properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Sanchez-Rivera has shown no error in connection with his conviction or sentence. Accordingly, the judgment of the district court is AFFIRMED.