United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 25, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41631
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

SERGIO CANTU-RUELAS,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-168-ALL
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Sergio Cantu-Ruelas (Cantu) appeals his sentence following
his guilty-plea conviction of illegally reentering the United
States after having been deported, in violation of 8 U.S.C.
§ 1326(a) and (b)(2).  Cantu contends that the district court
erred in treating his prior Texas conviction of burglary of a
habitation as a "crime of violence" under U.S.S.G.
§ 2L1.2(b)(1)(A)(ii).  As he concedes, this argument is
foreclosed.  See United States v. Valdez-Maltos, 443 F.3d 910,

--------

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

911 (5th Cir. 2006), cert. denied, 2006 WL 2094539 (U.S. Oct. 2, 2006) (No. 06-5473); United States v. Garcia-Mendez, 420 F.3d 454, 456-57 (5th Cir. 2005), cert. denied, 126 S. Ct. 1398 (2006).

Citing Apprendi v. New Jersey, 530 U.S. 466 (2000), Cantu challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than as elements of the offense that must be found by a jury. This issue is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Cantu contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Cantu properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.