United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 25, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-20113
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WALTER SINISTERRA-BANGUER, also known as Walter Banguer
Sinisterra, also known as Walter Robinson Sinisterra-Banguer,
also known as Walter Sinisterra Banguera,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CR-275-ALL
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Walter Sinisterra-Banguer appeals from his guilty-plea

conviction and sentence for illegal reentry after deportation in

violation of 8 U.S.C. § 1326.  Sinisterra-Banguer argues that the

district court erred by imposing a 16-level adjustment under

U.S.S.G. § 2L1.2(b)(1)(A)(ii) based upon his Texas conviction for

burglary of a habitation.  As Sinisterra-Banguer concedes, his

argument is foreclosed.  See United States v. Valdez-Maltos, 443

F.3d 910, 911 (5th Cir. 2006), cert. denied, 2006 WL 2094539

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(U.S. Oct. 2, 2006) (No. 06-5473); United States v. Garcia-Mendez, 420 F.3d 454, 456-57 (5th Cir. 2005), cert. denied, 126 S. Ct. 1398 (2006).

Sinisterra-Banguer also challenges, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.

Sinisterra-Banguer's constitutional challenge to § 1326 is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Sinisterra-Banguer properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.