United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 8, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-51499
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN GARCIA-HERNANDEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
No. 2:05-CR-458-1
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges

PER CURIAM:[*]

Juan Garcia-Hernandez appeals the 57-month sentence imposed following his plea of guilty of illegally reentering the United States after deportation. He contends that his sentence is unreasonable in light of 18 U.S.C. § 3553(a).

Garcia's sentence is within a properly calculated advisory guideline range and is presumed reasonable. See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). Such a sentence is giv-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

en "great deference," and we infer that the sentencing court considered all the factors for a fair sentence under § 3553(a).  See United States v. Mares, 402 F.3d 511, 519-20 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).  Garcia has failed to rebut the presumption that his sentence, which is at the bottom of the applicable sentencing guideline range, is reasonable.  See Alonzo, 435 F.3d at 554.

Garcia challenges 18 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).  Garcia's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Garcia contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See Rangel-Reyes v. United States, 126 S. Ct. 2873 (2006); United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Garcia properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.