United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 12, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41744
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

CARLOS GONZALEZ-CRUZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:05-CR-579-ALL
--------------------

Before KING, WIENER, and OWEN, Circuit Judges.

PER CURIAM:*

        Carlos Gonzalez-Cruz appeals from his guilty-plea conviction

and sentence for attempting to enter the United States without

consent after having been deported, in violation of

8 U.S.C. § 1326.  Gonzalez-Cruz argues that the district court

erred by imposing a 16-level enhancement under U.S.S.G.

§ 2L1.2(b)(1)(A)(ii) based upon his Texas conviction for burglary

of a habitation.  As Gonzalez-Cruz concedes, his argument is

foreclosed.  See United States v. Valdez-Maltos, 443 F.3d 910,

911 (5th Cir.), cert. denied, 127 S. Ct. 265 (2006); United

_____

        * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States v. Garcia-Mendez, 420 F.3d 454, 456-57 (5th Cir. 2005), cert. denied, 126 S. Ct. 1398 (2006).

Gonzalez-Cruz also challenges, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.

Gonzalez-Cruz's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Gonzalez-Cruz properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.