United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 13, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 05-11412
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JULIO CESAR HUMANA-HERON, also known as Julio Umana-Geron, also
known as Jose Orellano-Calistro,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CR-104
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

     Following a jury trial, Julio Cesar Humana-Heron was

convicted of one charge of illegal reentry into the United States

after conviction of an aggravated felony and sentenced to serve

63 months in prison.  Humana-Heron argues that the district court

erred by admitting a warrant of deportation at trial because this

document amounted to hearsay.  As he concedes, this argument is

foreclosed.  See United States v. Valdez-Maltos, 443 F.3d 910,

911 (5th Cir.), cert. denied, 127 S. Ct. 265 (2006).

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Humana-Heron's constitutional challenge to 8 U.S.C. § 1326 is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998). Although Humana-Heron contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Humana-Heron properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

Humana-Heron's challenge to his sentence, which was within the applicable guidelines range, is unavailing. His challenge to this court's prior caselaw concerning the presumption of reasonableness attached to sentences that are within the pertinent guidelines range is unavailing. <u>See</u> <u>United States v. Ruff</u>, 984 F.2d 635, 640 (5th Cir. 1993). His disagreement with the Sentencing Commission's assessment of the seriousness of his offense does not establish that his sentence is unreasonable. <u>See</u> <u>United States v. Alonzo</u>, 435 F.3d 551, 554 (5th Cir. 2006). The judgment of the district court is AFFIRMED. The Government's motion for summary affirmance is GRANTED.