United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 13, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-20420
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL ESCOBAR-RICO, also known as Daniel
Escobar, also known as Jose Daniel Escobar,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CR-444-ALL
--------------------

Before BARKSDALE, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Daniel Escobar-Rico appeals from his guilty-plea conviction
and sentence for attempting to enter the United States without
consent after having been deported and after having been
convicted of an aggravated felony in violation of
8 U.S.C. § 1326.  Escobar-Rico argues that the district court
erred by imposing a 16-level enhancement under U.S.S.G.
§ 2L1.2(b)(1)(A)(ii) based upon his Texas conviction for burglary
of a habitation.  His argument is foreclosed.  See United States

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

v. Valdez-Maltos, 443 F.3d 910, 911 (5th Cir.), cert. denied, 127 S. Ct. 265 (2006); United States v. Garcia-Mendez, 420 F.3d 454, 456-57 (5th Cir. 2005), cert. denied, 126 S. Ct. 1398 (2006).

Escobar-Rico also challenges, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), the constitutionality of § 1326(b)'s treatment of prior convictions as sentencing factors rather than elements of the offense that must be found by a jury. His constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Escobar-Rico properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.