IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 23, 2008

Charles R. Fulbruge III
Clerk

No. 07-40415
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JONATO SAENZ-RIVERA, also known as Jesus Ramirez Rivera

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:06-CR-1145-1

Before JONES, Chief Judge, and HIGGINBOTHAM and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jonato Saenz-Rivera (Saenz) appeals the sentence imposed following his guilty-plea conviction of being an alien found unlawfully in the United States after deportation and after having been convicted of an aggravated felony. He argues that the district court erred by imposing a 16-level increase under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on his prior Texas state conviction for burglary of a habitation. Saenz contends that the definition of "habitation" under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Texas law is broader than the generic, contemporary meaning of "dwelling" as used in the enumerated offense of "burglary of a dwelling" in the Sentencing Guidelines. Although he acknowledges this court's precedent to the contrary, he asserts that this precedent has been overruled by the Supreme Court's decision in James v. United States, 127 S. Ct. 1586, 1599-1600 (2007). This argument is without merit as James did not involve an enumerated offense. See United States v. Gomez-Guerra, 485 F.3d 301, 303 & n.1 (5th Cir. 2007). The district court did not err in determining that Saenz's prior conviction was a crime of violence. See United States v. Valdez-Maltos, 443 F.3d 910, 911 (5th Cir.), cert. denied, 127 S. Ct. 265 (2006).

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Saenz challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This court has held that this issue is "fully foreclosed from further debate." United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), petition for cert. filed (Aug. 28, 2007) (No. 07-6202).

AFFIRMED.