# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 24, 2008

Charles R. Fulbruge III
Clerk

No. 07-40554
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

SALVADOR BRISENO-BENAVIDEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:07-CR-68-1

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Salvador Briseno-Benavidez pleaded guilty to illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a) and (b). He appeals both his conviction and sentence.

Briseno maintains the district court erred by imposing a 16-level, crime-of-violence increase under U.S.S.G. § 2L1.2(b)(1)(A)(ii), based on his prior Texas conviction for burglary of a habitation. Although post-Booker, the Sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the guideline-sentencing range for use in deciding on the sentence to impose. Gall v. United States, 128 S. Ct. 586, 596 (2007). In that respect, its application of the guidelines is reviewed de novo; its factual findings, only for clear error. E.g., United States v. Villegas, 404 F.3d 355, 359 (5th Cir. 2005).

Briseno asserts the definition of habitation under Texas law is broader than the generic, contemporary meaning of dwelling as used in the enumerated offense of burglary of a dwelling in the Sentencing Guidelines. Although he acknowledges this court's precedent to the contrary, Briseno asserts it has been overruled by the Supreme Court's decision in James v. United States, 127 S. Ct. 1586, 1599-1600 (2007). This contention is without merit; James did not involve an enumerated offense. See United States v. Gomez-Guerra, 485 F.3d 301, 303 & n.1 (5th Cir. 2007). As a result, the district court did not err in determining that Briseno's prior conviction was a crime of violence. See United States v. Valdez-Maltos, 443 F.3d 910, 911 (5th Cir.), cert. denied, 127 S. Ct. 265 (2006).

In the light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Briseno challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors, rather than elements of the offense that must be found by a jury. This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 128 S. Ct. 872 (2008).

AFFIRMED.