IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 22, 2008

Charles R. Fulbruge III
Clerk

No. 07-20574
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

NORMAN OSORTO-GUEVARRA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-2-ALL

Before GARWOOD, JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Norman Osorto-Guevarra (Osorto) appeals the 70-month sentence imposed in July 2007 following his conviction of illegal reentry. Osorto argues that (1) the district court erred in imposing a 16-level adjustment pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on his prior Texas 1995 conviction for burglary of a habitation, (2) the sentence imposed was unreasonable, and (3) 8 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1326(b) is unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).

Osorto acknowledges that in United States v. Garcia-Mendez, 420 F.3d 454, 456-57 (5th Cir. 2005), this court held that a Texas burglary of a habitation offense constituted the enumerated offense of burglary of a dwelling for purposes of § 2L1.2. He argues, however, that James v. United States, 127 S. Ct. 1586, 1599-1600 (2007), overruled this court's precedent. James did not overrule this court's holding in Garcia-Mendez. See United States v. Gomez-Guerra, 485 F.3d 301, 303 & n.1 (5th Cir. 2007). Accordingly, this argument is without merit. See also United States v. Valdez-Maltos, 443 F.3d 910, 911 (5th Cir.), cert. denied, 127 S.Ct. 265 (2006); United States v. Saenz-Rivera, 262 Fed. Appx. 590 (5th Cir. 2008).

Osorto argues that in light of Gall v. United States, 128 S. Ct. 586 (2007), and Kimbrough v. United States, 128 S. Ct. 558 (2007), the sentence imposed was procedurally and substantively unreasonable. According to Osorto, this court's precedent improperly restricted the district court's ability to deviate from the Guidelines absent extraordinary circumstances, a standard rejected in Gall. He contends that the district court treated the Guidelines as mandatory and failed to adequately explain the sentence imposed. He also challenges the imposition of a 16-level enhancement pursuant to U.S.S.G. § 2L1.2, asserting that the Guideline is flawed and not entitled to deference because, like the Guideline at issue in Kimbrough, it was not based on empirical data or adopted pursuant to the usual Sentencing Commission procedures.

Although Osorto argued that he should receive a sentence below the guidelines range and that the enhancement resulted in an excessive sentence, he did not raise the specific challenges to his sentence that he raises here, i.e., that the sentencing regime was unduly restrictive or that the 16-level enhancement Guideline is flawed due to the manner of its adoption and not entitled to deference. Accordingly, we review those arguments for plain error. See United States v. Rodriguez-Rodriguez, 520 F.3d 381, 387-88 (5th Cir. 2008);

United States v. Campos-Maldonado, 531 F. 3d 337, 339 (5th Cir. 2008). Given our dispositions of similar challenges in Rodriguez-Rodriguez and Campos-Maldonado, we conclude that Osorto has failed to demonstrate any reversible plain error. The sentencing transcript, read as a whole, does not support the contention that the experienced district court felt constrained to impose a sentence within the guidelines range.[1] The record shows that the court fully considered Osorto's arguments for both a departure and a variance but concluded that a sentence within the range was appropriate. Moreover, the district court adequately explained the basis for the sentence imposed. See United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006). To the extent that Osorto preserved a substantive reasonableness challenge to his sentence based on his particular circumstances, including the nature and circumstances of his prior offenses, he has failed to overcome the presumption of reasonableness that we afford on appeal to the district court's within-guideline sentence. See Rita v. United States, 127 S.Ct. 2456, 2466 (2007); United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). We note, as did the district court, that, among other things, the defendant had been deported at least four times (October 1996, August 1998, December 1999 and July 2003) prior to his most recent illegal entry and had a prior conviction (in October 2000) and 42 month sentence for a

---

[1] The record also makes plain that the district court's references at sentencing such as being "foreclosed, right or wrong, by Fifth Circuit authority" relate only to the issue of whether the Texas offense of "burglary of a habitation" constituted the enumerated offense of "burglary of a dwelling" under U.S.S.G. § 2L1.2(b)(1)(A)(ii), for purposes of calculating the relevant offense level under the guidelines and hence the applicable guideline sentencing range, not for purposes of determining whether the ultimately appropriate sentence should be at a lower level. The court specifically stated it would consider the circumstances of the prior offenses, including the burglary, and of the defendant's personal situation, in determining whether to vary from the guideline sentencing range.

previous illegal presence (in May 2000) after deportation subsequent to aggravated felony conviction.

In light of Apprendi, Osorto challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). See Valdez-Maltos at 912.

The judgment of the district court is AFFIRMED.